IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 4909 HAVERWOOD LANE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-168-S-BN |
| | § | |
| AGNEI YEDE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Agnei Yede, proceeding *pro se*, removed to the Dallas Division of the Northern District of Texas an eviction proceeding then pending in a justice of the peace court in Collin County, Texas, asserting that a counterclaim establishes federal subject matter jurisdiction under 28 U.S.C. § 1331. *See* Dkt. No. 3.

The presiding United States district judge referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction, this lawsuit should be *sua sponte* remanded to the state court from which it was removed.

**Discussion**

To start, "[a] defendant who wants to remove a civil action from a state court to a federal district court must 'file in the district court of the United States for the district and division within which such action is pending a notice of removal.'"

*Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994) (cleaned up; quoting 28 U.S.C. § 1446(a)). The general venue statute, 28 U.S.C. § 1391 "has no application to a removed action. [Instead, v]enue of removed actions is governed by 28 U.S.C. § 1441(a)." *Mello Hielo Ice, Ltd. v. Ice Cold Vending, LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *6 (N.D. Tex. Jan. 11, 2012) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)); *accord Collin Cnty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 51-52 (5th Cir. 2012) (per curiam).

Under these standards, this lawsuit should have been removed to the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3).

So, while the removal was improper, "[r]emoval may be improper … for jurisdictional or procedural reasons." *Hinkey v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76-77 (1996)).

"Jurisdictional defects require remand to state court," but "procedural defects require the action's being remanded to state court only if plaintiff files a motion to remand 'within 30 days after the filing of the notice of removal under section 1446(a).'" *Id.* (quoting 28 U.S.C. § 1447(c); citation omitted). "Otherwise, plaintiff waives any objection to the procedural defect, and the action proceeds in federal court, even though removal was procedurally improper." *Id.* (citing *Resolution Tr. Corp. v. Sonny's Old Land Corp.*, 937 F.2d 128, 131 (5th Cir. 1991)).

"[R]emoval to the incorrect judicial district is procedural error and does not [itself] divest the district court of jurisdiction over a removed action." *Id.* at 550. *Cf. S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 n.3 (5th Cir. 1996) (removal to

- 2 -

the incorrect division of the correct judicial district is also procedural error).

But, here, there is also a jurisdictional defect – which requires the Court to remand this lawsuit *sua sponte*.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

And, due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

Relatedly, the Court has an independent duty to ensure that there is subject matter jurisdiction, *see, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), since "[j]urisdiction is the power to say what the law is," *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023).

Yede alleges that federal law supports removal, and because diversity is not a basis for jurisdiction apparent from the Notice of Removal, the undersigned turns to federal question jurisdiction.

Under Section 1331, such jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's

right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)).

To support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

And those allegations must be present at the time of removal. *Cf. Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) (per curiam) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal." (citing *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020))).

Yede has not shown that a claim asserted in the underlying state-law eviction suit provides a basis for federal question jurisdiction under the Constitution or any statutes cited or otherwise and instead admits that the invocation of federal law is through defenses or counterclaims against the underlying eviction suit.

But a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *see also id.* at 62 ("Under our precedent construing § 1331 …, counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may

not be removed to federal court on the basis of a federal defense, … even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather,

> [w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.

*Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (cleaned up).

There is therefore "generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

In sum, Yede has not shown that the allegations in a well-pleaded complaint established that federal jurisdiction existed at the time of removal, requiring the Court to *sua sponte* remand this case to state court under 28 U.S.C. § 1447(c) –which "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original). *Cf. Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023) ("Either the federal courts have subject matter jurisdiction, and the plaintiffs' claims can be adjudicated; or there is no federal jurisdiction, and the suit must be remanded to state court. Federal jurisdiction is not a game of whack-a-mole.").

## Recommendation

Because the party invoking the Court's jurisdiction through removal has not shown that this action was removable based on the allegations in the well-pleaded complaint at the time of removal, the Court should *sua sponte* remand this action to the Collin County, Texas justice of the peace court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 24, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE